PRESTON EASLEY, ESQ./Cal. SBN 108347
(maritime@earthlink.net)
PETER YOVANOVICH, ESQ./Cal. SBN 305794
(max@prestoneasley.com)
LAW OFFICES OF PRESTON EASLEY APC
2500 Via Cabrillo Marina, Suite 106
San Pedro, California 90731-7724
Telephone:  (310)832-5315
Facsimile:   (310)832-7730

Attorneys for Plaintiff
        JULIO QUINTO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO QUINTO,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No.: **'21CV0119 BEN DEB**<br><br>IN ADMIRALTY<br><br>COMPLAINT FOR DAMAGES |

    COMES NOW PLAINTIFF JULIO QUINTO and complains of defendant and alleges:

    1. At all times mentioned herein plaintiff JULIO QUINTO was an electrical technician employed by Thor Solutions, LLC in San Diego, California.

    2. Defendant UNITED STATES OF AMERICA ("USA") is a sovereign which has consented to be sued herein under the Suits in Admiralty Act, 46 U.S.C. Sec. 741-752, and the Public Vessels Act, 46 U.S.C. Sec. 781-790.

3. Federal jurisdiction in this action is based on the Suits In Admiralty Act, 46 U.S.C. Sec. 781-790; the Public Vessels Act, 46 U.S.C. Sec. 781-790, and admiralty, 28 U.S.C. Sec. 1333. This is an action in admiralty pursuant to Federal Rule of Civil Procedures 9(h).

4. At all times relevant hereto plaintiff's employer, Thor Solutions, LLC, was providing repair services aboard the USS MAKIN ISLAND (LHD-8).

5. At all times relevant hereto defendant UNITED STATES OF AMERICA owned and operated the vessel USS MAKIN ISLAND (LHD-8) which it managed, operated and controlled in coastwise, intercoastal and foreign navigation.

6. On or about August 14, 2020, plaintiff JULIO QUINTO suffered severe and disabling injuries when a loud electrical arc blast occurred in the air compressor room of the engine room on USS MAKING ISLAND where plaintiff was working while the vessel was in navigable waters of San Diego Harbor, California, at Pier 13, Naval Base, San Diego, California. Defendant UNITED STATES OF AMERICA ("USA") negligently failed to ensure that the electrical system where plaintiff was working at the time of his accident was properly and safely locked out, tagged out and de-energized while plaintiff was doing his work.

7. Defendant UNITED STATES OF AMERICA breached its duty to safely maintain areas and equipment under its control. Defendant USA is also liable because it involved itself in repair operations and negligently injured plaintiff, a shiprepairman.

8. Defendant UNITED STATES OF AMERICA was actively involved in repair operations and electrical tag-out operations aboard the USS MAKIN ISLAND and conducted said operations in a negligent manner. USA breached its duty to exercise due care under the circumstances.

9. Plaintiff's accident is the type which does not happen unless someone is negligent. It was caused by an instrumentality (electricity and electrical circuit) in the exclusive control of the defendant. The accident was not due to any voluntary

action or contribution on the part of the plaintiff which was the responsible cause of plaintiff's injury. The doctrine of res ipsa loquitur applies.

10. As a result of defendant's negligence plaintiff was hurt and injured in his health, strength and activity, sustaining serious injuries, all of which injuries have caused, and continue to cause, plaintiff great mental, physical and nervous pain and suffering and loss of enjoyment of life in an amount to be proven at trial. Plaintiff is informed and believes and there on alleges that such injuries will result in permanent disability to him.

11. As a further result of defendant's negligence plaintiff has incurred and will continue to incur medical and related expenses, the full amount of which is not known to plaintiff at this time, and plaintiff will move to amend this complaint to state such amount when the same becomes known to him, on proof thereof. The amount of plaintiff's past and future medical expenses will be proven at trial.

12. As a further result of defendant's negligence plaintiff's earning capacity has been greatly impaired, both past and future, and plaintiff has suffered and will continue to suffer a loss of wages, fringe benefits, wage earning capacity and ability to perform household services, both past and future, in an amount which will be proven at trial.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For general damages, both past and future, according to proof;
2. For damages for medical and related expenses, both and past and future, according to proof;
3. For damages for lost earnings, both past and future, and loss of earning capacity and fringe benefits and loss of ability to perform household services, both past and future, according to proof;
4. For prejudgment interest, according to proof;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court may deem proper.

1
2  Date: January 20, 2021               s/Preston Easley
3                                       PRESTON EASLEY
                                        Attorney for Plaintiff
4                                       JULIO QUINTO
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28